## NEWLAND v. VAN DORN.

No. 21289. Opinion Filed Sept. 6, 1932.

B. F. Willett and D. P. Parker, for plaintiff in error.

Loofbourrow & Holcomb, for defendant in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court of Harper county in refusing to set aside the unanimous verdict of a jury finding in favor of defendant in an action by a landlord against a tenant. The complaint filed March 10, 1928, was in two counts. The first count had ten subdivisions and charged breaches of contract to plant and cultivate and harvest. It also charged permission of waste and voluntary destruction, as well as neglect in keeping stock out of the crops. On this count the plaintiff desired originally to recover $817.95, though later she desired to increase the amount, but the court refused to allow this to be done.

The second count of the complaint was based on the voluntary exposure by defendant of a Chalmers automobile to thieves and prowlers and the weather, and the taking off of some of the parts, all in violation of an oral contract of tenancy. Everything alleged was denied "generally and specifically."

The trial began September 13, 1929. The record of testimony of witnesses is brought here, and we have examined the testimony and evidence. The only complaint here is of the action of the court in refusing to set aside the verdict as being against the weight of the evidence, though no request for a directed verdict or demurrer to the evidence was had in the lower court. The evidence was in sharp conflict, defendant on the stand contradicting the version of the plaintiff in practically everything of importance. Each side brought forward witnesses to corroborate the respective statements. The defendant had the greater number of witnesses and produced some witnesses to challenge plaintiff's reputation for veracity. However, the force of the impeaching testimony was somewhat lessened on cross-examination, developing the sources of information and the personal feelings of the impeaching witnesses. Both sides resorted to "viewers," and the plaintiff used photographs. Some objections were raised during the trial as to the introduction of evidence. These, however, are not here pressed.

It is highly probable that had the landlord furnished a little repair material, and the defendant shown a disposition to use it, and all parties recognized that the cultivation of "blow land" was not profitable for landlord or tenant, in view of crop "blow out," or "wash out," most of the trouble could have been avoided.

The jury saw the parties and heard the evidence. There was ample evidence, if believed to be true, to support the verdict. It should not be disturbed by this court. Attention is called to a rule of practice, adhered to by a long line of decisions, that is, that a litigant by failure to demur to the evidence, or to ask for an instructed verdict below in a jury trial, cannot secure a reversal here on the sole ground of insufficiency of the evidence to support the verdict. That rule has been so long followed that it is now regarded as a settled rule of practice.

The case is accordingly affirmed.

LESTER, C. J., and RILEY. HEFNER, CULLISON, ANDREWS, and McNEILL, JJ.. concur. CLARK, V. C. J., and SWINDALL, J., absent.